IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -5 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00119-BNB

DAVID SUTHERLAND - INMATE NUMBER - 45323,

Plaintiff,

v.

MIKE HILER - In his official and individual capacity,
JAY KIRBY - In his official and individual capacity,
JEANNEEN MILLER - In her official and individual capacity,
CONNIE VAUGHAN - In her official and individual capacity,
COLO. PAROLE COMM DEFENDANTS GROUPED AS FOLLOWS: (Same Address) -
    in their official and individual capacity, David Michaud, Rebecca Oakes, Curtis
    Devin, Maximino Atencio, Jr., Deborah Allen, Leslie V. Waggoner, Celeste M.
    Debacca,
REX KOHL,
MR. DICK,
MR. NICHOLS,
MR. HAMMEL,
DIANA LAWSON,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, David Sutherland, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Sutherland has filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He also appears to assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a defamation claim. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He asks for habeas corpus relief, i.e.,

the reinstatement of his parole, and for injunctive relief and money damages.

The Court must construe the amended complaint liberally because Mr. Sutherland is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sutherland will be ordered to file a second amended complaint.

It is not clear from the amended complaint whether Mr. Sutherland is challenging the denial of his parole, the parole proceedings themselves, the revocation of his parole, or some other issue concerning his parole. Mr. Sutherland fails to explain the relevance of the various attachments to the amended complaint, leaving to the Court and the defendants the burden of determining which document relates to which asserted claim.

He violates Local Rule 10.1J. of the Local Rules of Practice for this Court by failing to list in the caption to his amended complaint each of the Colorado Parole Commission defendants on a separate line, with the proper name of each defendant in capital letters and any identifying text in upper and lower case immediately following the proper name. He fails to allege exactly what each defendant did to violate his constitutional rights and which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Sutherland must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*,

2

473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Sutherland may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sutherland uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The second amended complaint Mr. Sutherland will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

3

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sutherland's amended complaint is vague. He must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Sutherland "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, David Sutherland, file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Sutherland, together with a copy of this order, two copies of the following form to be used in submitting the

4

second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Sutherland fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED March 5, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00119-BNB

Donald Sutherland
Prisoner No. 45323
CMRC
2925 E. Las Vegas Avenue
Unit 1A-05
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk