IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -3 2009

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 09-cv-00119-BNB

DAVID SUTHERLAND,

    Plaintiff,

v.

MIKE HILER, in his official and individual capacity,

    Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, David Sutherland, is in the custody of the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. He has filed *pro se* a second amended prisoner complaint for money damages pursuant to 42 U.S.C. § 1983 (2006). He also appears to assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2006) over a state-law defamation claim. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

Mr. Sutherland is suing a parole officer, Mike Hiler. He alleges that Mr. Hiler falsely accused him of threatening him with bodily harm and of being a member of the Hell's Angels gang. He further alleges that he has been denied parole repeatedly based upon these false allegations, thus violating his due process rights. He also alleges that he currently is awaiting a decision by the parole board concerning his release on parole, and that his alleged gang affiliation and "issue" with Mr. Hiler was

noted by the chairman of the parole board, apparently at a parole hearing. *See* second amended complaint at 9.

The Court must construe the second amended complaint liberally because Mr. Sutherland is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action.

The Court initially notes that Mr. Sutherland has no right to parole. The United States Constitution does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

Even if he did have a right to parole, Mr. Sutherland fails to allege any injury concerning the pending parole board decision concerning his release on parole. Therefore, the Court lacks subject matter jurisdiction over the speculative claim that the parole board may deny his release on parole. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Sutherland fails to demonstrate any actual or threatened injury as a result of the pending parole decision, he lacks standing to assert claims attacking that

pending decision. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

Lastly, Mr. Sutherland may not recover money damages for his due process claims concerning the denial of his parole because those claims challenge the validity of the denial of parole and, therefore, his continuing confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Sutherland's claims for money damages amount to a collateral attack on his denial of parole and subsequent incarceration. *Heck* does not permit this. If he were successful in showing that parole was denied because of the allegedly false accusations, this showing necessarily would case doubt on the parole decisions themselves. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997), *see also Butterfield*, 120 F.3d at

3

1024 & n.1. Mr. Sutherland does not allege, and nothing in the Court's file indicates, that he has invalidated the denial of his parole through a writ of habeas corpus. Therefore, the claims for money damages based upon the denial of his release on parole are barred by *Heck*, and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the claim asserted by Plaintiff, David Sutherland, that the parole board may deny his release on parole is dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that Mr. Sutherland's claims concerning the denial of his release on parole are dismissed without prejudice pursuant to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the second amended complaint and the action are dismissed.

DATED at Denver, Colorado, this 3 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00119-BNB

David Sutherland
Prisoner No. 45323
CMRC
2925 E. Las Vegas Avenue
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/3/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk